IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERENCE SASAKI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CIV. NO. 22-00268 JMS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 16 |

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 16

## I. INTRODUCTION

Pro se Plaintiff Terence Sasaki ("Plaintiff") filed a Complaint against Defendant, Acting Commissioner of Social Security, Kilolo Kijakazi ("Defendant") on June 10, 2022, for claims arising out of an alleged improper disability classification. *See* ECF No. 1-1 at PageID.5. Before the court is Defendant's Motion to Dismiss, ECF No. 16, in which she contends that this court lacks subject-matter jurisdiction over the Complaint because the Administrative Law Judge ("ALJ") found Plaintiff disabled and awarded him full Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. *See id.* at PageID.56. The court

agrees that it lacks subject-matter jurisdiction and GRANTS the Motion to Dismiss, ECF No. 16.

## II. BACKGROUND

### A. Factual Background

Plaintiff applied for DIB and SSI benefits on September 24, 2018, alleging his disability began April 30, 2014. ECF No. 1-2 at PageID.7. Plaintiff's applications were initially denied on August 6, 2019, and again on January 28, 2020. *Id.* But after holding a hearing on February 24, 2021, the ALJ, on March 9, 2021, issued Plaintiff a favorable decision, finding that he "has been 'disabled' under sections 216(i) and 223(d) of the Social Security Act [("SSA")] since April 30, 2014," and requiring benefits be issued to Plaintiff both retroactively and in the future. *Id.* at PageID.16.

Plaintiff, however, remains dissatisfied with the ALJ's disability determination which classified Plaintiff as "physically disabled," rather than both physically and mentally disabled. ECF No. 1-1 at PageID.5. Specifically, the ALJ found that the "claimant's mental impairments . . . are not satisfied" for the purposes of the SSA, "because the [medical] evidence does not indicate that the claimant's severe depression and severe PTSD are is [sic] 'serious and persistent.'" ECF No. 1-2 at PageID.10–11. Plaintiff asks this court to issue a "correct ruling that Sasaki is also fully mentally disabled since 2014." ECF No. 18 at PageID.68.

**B.     Procedural Background**

Defendant filed the Motion on October 7, 2022. ECF No. 16. On November 28, 2022, Plaintiff filed an Opposition. ECF No. 18. On December 5, 2022, Defendant filed a Reply, ECF No. 20, and Plaintiff then filed a "Motion to Strike" the Reply on December 6, 2022.[1] ECF No. 21. Defendant submitted her revised Reply on December 14, 2022, ECF No. 23, and Plaintiff filed a "Motion to Strike Defendant's Reply Again" the same day. ECF No. 24. On December 22, 2022, Defendant filed a "Response" in opposition to the Motion to Strike Defendant's Reply Again, ECF No. 25, and Plaintiff filed a Reply on December 27, 2022, ECF No. 26.[2] Pursuant to Local Rule 7.1(c), the court decides Defendant's Motion to Dismiss without a hearing.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject-matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a

---

[1] Plaintiff's first "Motion to Strike," ECF No. 21, is MOOT. Although Defendant's first Reply, ECF No. 20, appeared to violate this District's local rules, her revised Reply, ECF No. 23, adhered to the local rules, thereby mooting the objections in Plaintiff's Motion.

[2] The court DENIES Plaintiff's "Motion to Strike Defendant's Reply Again," ECF No. 24. Contrary to Plaintiff's arguments, Kijakazi's revised Reply, ECF No. 23, is proper and not sanctionable, and the arguments within it are not new but are directly responsive to Plaintiff's Opposition, ECF No. 18.

case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

Under Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A factual attack occurs when the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In evaluating a factual attack on jurisdiction, as in this case, the court may accept and evaluate evidence beyond the complaint without having to convert the motion into one for summary judgment. *Id*.

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on*

*other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The court considered evidence relied upon by both parties.[3]

Because Plaintiff is appearing pro se, the court liberally construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  Yet, the court "need not presume the truthfulness of the plaintiffs' allegations" and may examine disputed facts to determine whether subject matter jurisdiction exists.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation signals omitted).

## IV.  ANALYSIS

Defendant asserts that Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) "because, having received an award of benefits based on his DIB and SSI applications, Plaintiff's claims are moot."  ECF No. 16 at PageID.55.  For the foregoing reasons, the court agrees.

### A.   Legal Framework

Subject-matter jurisdiction both grants and restricts the court's power, permitting it to handle only those cases and controversies it is authorized to hear.  Accordingly, "[f]ederal courts are courts of limited jurisdiction," with authority derived from the "Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Constitution limits federal court jurisdiction to

---

[3] Plaintiff attached to his Complaint the SSA ALJ's Decision, ECF No.1-2, as well as the Appeals Council Order, ECF No. 1-3.  Defendant relied on this evidence in her Motion to Dismiss, asserting a factual attack.  *See* ECF No. 16.  Plaintiff responded to the shifted burden by furnishing an affidavit with his Opposition.  ECF No.18 at Page ID.89–90.

"cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. And "to qualify as a case fit for federal-court adjudication, an actual controversy must" exist. *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (internal quotation marks and citation omitted).

Whether or not an actual controversy exists is a matter of standing, without which there is no subject-matter jurisdiction. U.S. Const. art. III. The Supreme Court has held that the "constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). First, the plaintiff "must have suffered an injury" that is "(a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical." *Id* (internal citations and quotations omitted). Second, the injury must be fairly traceable to the challenged action of the defendant, and not the result of "the independent action of some third party not before the court." *Id*. Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*.

Mootness is a jurisdictional question. "Federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal citation omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (internal citation omitted). "A claim is moot if it

has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Id*.

**B.    Application**

In analyzing Defendant's Motion to Dismiss based on mootness, the court must ask if there is any "effective relief remaining" that the court can provide to Plaintiff. *Id.* Defendant confirms that "Plaintiff has been awarded the maximum benefits he could receive based on his DIB and SSI applications." ECF No. 16 at PageID.57. And Plaintiff acknowledges that "while this action is unlikely to increase the amount of benefits that Sasaki receives (ie, [sic] 'irrespective of the amount in controversy'), Sasaki would like to have a proper determination of his mental disabilities in accordance with law." ECF No. 1-1 at PageID.5.

Although Plaintiff requests that the ALJ's decision be corrected to render him mentally disabled, this adjustment would not provide him with any additional relief. The Social Security Administration issues benefits to individuals with a "qualifying disability" and the kind of disability or the number of disabilities a claimant has does not change the benefit amount he receives. *See Disability Benefits / How You Qualify*, Social Security Administration, https://www.ssa.gov/benefits/ disability/qualify.html (last visited December 29, 2022). Stated differently, certifying

that Plaintiff is both physically and mentally disabled would not change the benefit amount owed to Plaintiff. Rather, the amount of benefits awarded to Plaintiff is based on his past earnings. *See* 42 U.S.C. §§ 415, 423(a)(2); 20 C.F.R. §§ 404.204(b)(1), 404.210.[4] The ALJ's failure to find Plaintiff's mental impairments serious and persistent does not affect the tangible benefits Plaintiff receives.

Although Plaintiff is concerned about the loss of his *future* benefits, that issue is not before the court. Plaintiff states, "[s]hould Sasaki's physical issues resolve/improve, he would lose benefits, even though Sasaki has mental impairments." ECF No. 18 at PageID.78. But Plaintiff cannot ask the court to intervene upon an injury that has not yet taken place. The first element of standing requires Plaintiff to "have suffered an injury" that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Despite the disability determination, Plaintiff has not yet suffered any injury related to lost benefits. And Plaintiff is not foreclosed from applying for a mental disability determination in the future. As Defendant states:

> The Commissioner is statutorily required to periodically review whether claimants who have been granted disability benefits remain disabled. *See* 42 U.S.C. § 421(i)(1); 20 C.F.R. §§ 404.1594, 416.994, 416.989. As part of the process, the recipient would have the opportunity to submit evidence about their current functioning, and the

---

[4] SSI benefits are set at a standard amount, but may be reduced due to countable income, including DIB benefits. *See* 42 U.S.C. §§ 1320a-6, 1382; 20 C.F.R. §§ 416.410, 416.420. Plaintiff does not dispute the correctness of the calculation of his benefits based on income.

> Commissioner must develop a complete medical history covering at least the 12 months prior. 20 C.F.R. §§ 404.1593, 416.993. Because the ALJ found Plaintiff disabled based on a combination of severe physical and mental impairments, any future CDR would develop evidence regarding his physical and mental impairments, and Plaintiff could provide evidence of disability then.

ECF No. 23 at PageID.136.

Plaintiff identifies various harms that may flow from the ALJ's disability determination, but the court has no jurisdiction to provide relief for actions untied to the Defendant. Specifically, Plaintiff alleges "witness[ing] increasing reluctance, frustration, & refusal by [] therapists (psychiatrists/psychologists) when dealing with the SSA, having to fill out forms." ECF No. 18 at PageID.89. And that he has been denied healthcare from providers because of this nuisance—one he believes would not exist if he were deemed mentally disabled by the Social Security Administration. *See id.* at PageID.90. But the second element of standing requires that an alleged injury be fairly traceable to the challenged action of the defendant, and not the result of "the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560. Plaintiff describes grievances stemming from actions of healthcare providers, rather than the Social Security Administration which has issued Plaintiff full benefits. In short, there is no remaining relief this court can provide in this action.

Lastly, Plaintiff asks the court to issue monetary or equitable relief for the troubles he has faced which allegedly would not exist had a different decision

9

been rendered by the ALJ. ECF No. 18 at PageID.68. But these are not authorized forms of relief the court can provide upon review of a decision by the Social Security Administration. *See* 42 U.S.C. § 405(g). And while statute allows the court to enter a judgment affirming, modifying, or reversing the decision of the Defendant, with or without remanding the cause for a rehearing, there is no guarantee that Plaintiff will not continue to suffer from continued bureaucratic annoyances from healthcare providers. Defendant rightfully emphasizes that "a reversal of the ALJ's hearing decision would not impact the paperwork required during the CDR process in the future." ECF No. 23 at PageID.137. The third element of standing states, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Because the injury Plaintiff suffers is at the hands of a third party and not Defendant, it is speculative to assume that a change in the ALJ's decision would relieve Plaintiff of the various collateral consequences about which he complains. Accordingly, the Complaint lacks all three elements of standing and is moot.

//

//

//

//

//

## V. CONCLUSION

Because there remains no effective relief the court can provide to Plaintiff, the case is moot and the Motion to Dismiss, ECF No. 16, is GRANTED for lack of subject-matter jurisdiction. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 29, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sasaki v. Kijakazi*, Civ. No. 22-00268 JMS-RT, Order Granting Motion to Dismiss, ECF No. 16